## DE WITT v. KENT COUNTY et al.

### No. 4633.

Court of Civil Appeals of Texas. Amarillo.

June 21, 1937.

Rehearing Denied Sept. 27, 1937.

C. J. O'Connor, of Breckenridge, and Tom Garrard, of Tahoka, for appellant.

Vernon D. Adcock, of Jayton, and Glover Engledow, of Clairemont, for appellees.

JACKSON, Chief Justice.

T. De Witt instituted in the district court of Kent County this suit against said county, its county judge, its county commissioners, and its county treasurer on two of the series of thirteen Kent County road warrants issued by the county, acting through its commissioners' court, to the Lone Star Road Machinery Company, Inc., for certain road machinery.

The minutes of the commissioners' court show that, after determining the advisability and necessity of the purchase of certain road machinery for the county, they duly advertised for and received competitive bids for furnishing the machinery specified in the notice. With the entire commissioners' court present on September 9, 1929, they passed and entered on the minutes of the court an order which, among other things, contains the following:

"Whereas, this court did at the time and place specified in said published notice receive and open bids for the purchase of said road machinery and did canvass said bids and has determined that the bid of the Lone Star Road Machinery Company, Inc., of Dallas, Texas, was the lowest and best bid received for the purchase of one Bates "80" Road Tractor, with one standard Canopy Top, one stockland "85–95" Road Grader with 12' blade, one 3' right hand blade Extension and one 3' left hand blade extension, and in consequence thereof, this Court has entered into a contract with the said Lone Star Road Machinery Company, for the purchase of said machinery for the contract price of Sixty-eight Hundred Sixty-eight Dollars ($6868.00 plus one second hand Best "80" Tractor and one 2nd hand Russell Super Mogul, Grader taken in trade, said sum of $6868.00 to be evidenced by legally issued warrants bearing (6%) six per cent interest, and maturing $868.00 March 15, 1930, $500.00 March 15th, 1931, 32 & 33, $1500.00 March 15th, 1934, 35, & 36. * * *

"Therefore, it is ordered by this Court that said contract be ratified and approved, and said contract is here now ratified, confirmed, approved and adopted; and this Court declares said contract to be the act and contract of the Court and of Kent County and shall have effect according to its tenor and purport.

"And it is further ordered that the Lone Star Road Machinery Co. Inc. having furnished said road machinery in accordance with the terms of its contract, and the said road machinery having been inspected by this court and found in all respects satisfactory and it having been determined by the Court that said machinery is well worth the price agreed upon, and that Kent County, has received full value and consideration for the price to be paid, said road machinery is hereby accepted by said Commissioner's Court, and,

"It is further ordered that in accordance with said contract, interest bearing warrants of Kent County, Texas, be issued and delivered to the Lone Star Road Machinery Co. Inc. numbered consecutively from one (1) to thirteen (13) inclusive, in the denomination of Five Hundred Dollars ($500.00) each, except warrant No. one (1) is for $868.00, aggregating the sum of Sixty-eight Hundred Sixty-eight Dollars ($6868.00).

"They shall be dated July 8th, 1929, and shall mature serially as follows: (among which are) * * *

| "Warrants Nos. | Maturity | Amount |
|---|---|---|
| 5, 6 & 7 | March 15, 1934 | $1500.00" |

The interest is payable semiannually as it accrues, March 15, and September 15, of each year.

The order provided a fund sufficient to pay the principal and interest on each of the warrants as it accrued, and concluded: "The foregoing minutes read and approved in open court this the 11th day of November, A. D. 1929." It is signed by the county judge and each of the county commissioners and attested by the county clerk.

The machinery was delivered to the county on August 16, 1929; was in actual service for about 30 days prior to November 11, 1929, when the order constituting the contract was finally approved declaring that the Lone Star Road Machinery Company, Inc., had furnished the machinery according to its contract; that the machinery had been inspected by the court and found in all respects satisfactory and well worth the price agreed upon, and that the county had received full value and consideration for the price paid. The machinery was accepted, the warrants were issued, as provided in the contract, and contained this provision: "And it is hereby certified and recited that all acts, conditions and things required to be done precedent to and in the issuance of this warrant and of this series of warrants have been properly done, have happened and have been performed in regular and due time, form and manner as required by law; and that the total indebtedness of said County, including this warrant and the entire series of which this is one, does not exceed any constitutional or statutory limitation; and that a sufficient tax to pay the principal and interest of this warrant and the entire series of which this is one, has been levied for said purpose and will continue to be annually levied, assessed and collected while said warrants or any of them are outstanding."

Warrants Nos. 1, 2, 3, and 4 were paid as they matured and the interest on the entire series of warrants paid up to and including September 15, 1933. On or about October 1, 1933, the county tendered to the owners of the warrants the machinery, consisting of the tractor and the grader, the consideration for both of which was $8,368, $1,500 of which was allowed for a secondhand tractor and grader owned by the county, and the balance of $6,868 was evidenced by the warrants. The value of the tractor in the purchase was fixed at $6,193 and the value of the grader at $2,175.

On July 13, 1935, this suit was instituted and no complaint is made of the sufficiency of allegations in the petition to authorize the appellant to recover.

The appellees answered by general exceptions, general denial, alleged that the Lone Star Road Machinery Company contracted to sell to Kent County the machinery in controversy which it contracted to buy, and, in part payment therefor, the warrants were issued and delivered; that the machinery company represented to the commissioners' court that the tractor would economically and properly do any and all work required by the county in building and maintaining its roads, and warranted the tractor and grader to perform and work well; that, upon said representations and warranty, the county entered into the contract for the purchase of the machinery; that the machinery was defective in material and workmanship; did not perform or work well; was out of order every few days until finally it broke to an extent that repair was impracticable; that the machinery is utterly worthless, and the consideration for the road warrants wholly failed, and on or about October 1, 1933, the county offered to return the machinery to appellant, or any other holder of said warrants.

In reply to the answer of appellees, the appellant by supplemental petition set up the provisions of the order of the commissioners' court as res judicata, and the provisions of such order and the road warrants as an estoppel against the plea of misrepresentation, warranties, and failure of consideration.

In response to special issues submitted by the court, the jury found in substance that the Lone Star Road Machinery Company, through its agents, represented to the commissioners' court that the Bates 80 tractor would economically and properly do any and all work required in building and maintaining the county roads; that the commissioners' court relied upon such representations; that the tractor was wholly worthless for doing the work required in building and maintaining roads; that the worthless condition of the tractor was not due to the fact that the commissioners' court and their agents failed to properly look after and care for the tractor.

Upon these findings, judgment was rendered that appellant take nothing by his suit and appellees go hence with their costs.

The appellant contends that he was entitled to a peremptory instruction on his plea of res judicata and his plea of estoppel.

The counsel of appellee did not favor this court with a brief. After counsel for appellant had made his oral argument on June 14th, the day the case was set for submission, appellees' attorney came in during a recess and advised the court that he was not prepared to make an oral argument; that the reason he had filed no brief was because he was of the opinion that the briefs of appellant should not have been filed on June 3d, but he failed to file a motion to strike the briefs; he admitted receiving a copy thereof on June 1st, but informed the court that, should the consideration of the case be delayed a week, he could not, owing to his business engagements, present a brief, and agreed that the court should proceed with the disposition of the appeal.

Appellant's assignments, based on his request for a directed verdict, are overruled.

■ While the county was authorized to issue the road warrants for the purchase of road machinery, such warrants were nonnegotiable and were subject to any defense in the hands of appellant that they would have been if retained by the Lone Star Road Machinery Company.

Under the findings of the jury, which had some support in the testimony, the tractor would not economically do the work. This was a breach of warranty. They also found that the tractor was worthless, and this constituted a partial failure of consideration. In Ellis v. Riddick, 34 Tex.Civ.App. 256, 78 S.W. 719, 721, it is said: "It seems now to be a well-settled principle that, where there is an express warranty of quality, the purchaser, though having opportunity of inspection, and being aware of the defect in quality, may receive the property, and recover damages for breach of the warranty, or, if sued for the purchase money of the property, may offset such damages against the contract price."

In Ferguson v. Johnson, 205 S.W. 512, 513, this court, speaking through Judge Boyce, holds that: "The authorities do agree that an express warranty, being collateral to the agreement, is not discharged by delivery and acceptance under the contract, although such acceptance is made after inspection."

For additional authorities, see 37 Tex. Jur. p. 258, par. 108, and the cases cited thereunder.

On the failure of consideration, the Supreme Court in City of San Angelo v. Deutsch, 126 Tex. 532, 91 S.W.(2d) 308, 309, says: "A city or other public corporation or political subdivision is not estopped by recitals in its nonnegotiable warrants, that all conditions precedent to their issuance have been performed, to assert as against a bona fide purchaser that the warrants were issued without consideration."

■ The statements in the order of the commissioners' court to the effect that the company had furnished the machinery and that it had been inspected and accepted by the court, was satisfactory and worth the price agreed upon, with the recitations in the warrants substantially that all acts and conditions necessary to the validity of the warrants had been done as required by law, constitute neither res judicata nor estoppel. Nacogdoches County et al. v. Lafferty et al. (Tex.Com.App.) 61 S.W.(2d) 994.

■ The appellant's contention that the judgment of the court decreeing that he take nothing by his suit was without support in the testimony or in the findings of the jury, is sustained.

The evidence shows without dispute that the one contract was for the purchase of the two machines, the tractor and the grader, and that the road warrants were issued in part payment for the grader as well as the tractor; that appellees accepted the grader, the purchase price of which was $2,175; used it; that it was all right and had given the county no trouble. No issue was submitted to the jury as to any representations or warranties concerning the grader or its failure to comply therewith. The appellees had pleaded a total failure of consideration, under which plea they were entitled to show a partial failure, but the burden was on them to show the extent of the failure, in order to secure any relief under such plea. Gutta Percha & Rubber Mfg. Co. v. City of Cleburne, 102 Tex. 36, 112 S.W. 1047; L. D. Powell v. Sturgeon (Tex.Civ.App.) 299 S. W. 274;. Morrow et al. v. McDaniel et al. (Tev.Civ.App.) 70 S.W.(2d) 329.

The judgment is reversed, and the cause remanded.