**DE WITT v. KENT COUNTY et al.**

No. 5206.

Court of Civil Appeals of Texas. Amarillo.

Oct. 14, 1940.

Rehearing Denied Feb. 24, 1941.

214

Roberts & O'Connor, of Breckenridge, for appellant.

Glover Engledow, of Jayton, for appellees.

STOKES, Justice.

This suit was filed by appellant against appellees, Kent County, its county judge and commissioners, the county treasurer and tax collector, to recover upon two warrants issued by the commissioners' court on October 14, 1929, in the sum of $500 each, together with 6% interest and 10% attorney's fees as provided in the warrants. These warrants were Nos. 5 and 6 of a series of thirteen warrants issued in part payment for a tractor and road grader purchased by the commissioners' court from the Lone Star Road Machinery Company and the warrants were purchased by appellant about the month of March, 1932. Appellees pleaded breach of warranty and failure of consideration, alleging that the representatives of the machinery company, at the time of purchasing the machinery, represented and warranted to the commissioners' court that it would economically and properly perform any and all work desired or required in building and maintaining the roads of the county, and that the tractor had wholly failed in these respects. In reply to these defensive pleas appellant pleaded that the appellees were estopped from asserting the defenses pleaded by them by virtue of an order passed and entered by the commissioners' court to the effect that the bid of the Lone Star Road Machinery Company, being the lowest and best bid received, was accepted, the machinery purchased, and directing the issuance of the warrants in payment therefor. The order further provided that the contract was ratified and approved and declared to be the contract of the commissioners' court and of Kent County; that the machinery company had furnished the machinery in accordance with the terms of its contract and it had been inspected by the court and found in all respects satisfactory, well worth the price agreed upon,

and that the county had received full value and consideration for the price to be paid therefor. He further pleaded estoppel by virtue of recitals in the warrants to the effect that all acts, conditions and things required to be done precedent to, and in the issuance of, the warrants had been properly done, happened and performed in regular and due time, form and manner as required by law. Appellant further pleaded res adjudicata, based upon the order of the commissioners' court; waiver by waiting more than four years before repudiating the contract, and the two and four years statutes of limitation against the defenses pleaded by appellees.

The case was submitted to a jury upon special issues and the jury found (1) that the representatives of the machinery company represented to the commissioners' court that the tractor would economically and properly perform any and all work desired or required in building or maintaining the roads of the county. (2) That, in executing the contract for the purchase of the machinery, the commissioners' court relied upon such representations. (3) That the tractor would not economically and properly perform the work desired or required in building and maintaining the roads. (4) That the county received no benefits in the purchase and use of the tractor, and (5) that the tractor, at the time and place of its delivery to the county, was of the value of $900. Special issue No. 4 was submitted to the jury but afterwards withdrawn and by agreement, submitted to the court who found that the commissioners in the fall of 1929 first discovered and determined among themselves that the tractor was defective and would not properly do the work for which it had been purchased.

At the close of the testimony appellant presented and urged a motion for a peremptory instruction in his favor, which was overruled, and after the verdict was returned he presented and urged a motion for judgment in his favor non obstante veredicto, which was likewise overruled, and the court entered judgment in favor of appellees to the effect that appellant take nothing by his suit and pay the costs of court.

Appellant duly excepted to the judgment, gave notice of appeal, and presents the case in this court upon a large number of assignments of error and propositions of law which we think may be reduced to four general contentions as follows: First, that the court erred in overruling his motions for a peremptory instruction and for judgment non obstante veredicto. Secondly, that the matters in dispute had been adjudicated and settled by the order entered by the commissioners' court when it purchased the machinery and, therefore, his plea of res adjudicata should have been sustained. Thirdly, that appellees had waived their right to defend his cause of action by waiting more than four years to repudiate the contract and, fourthly, that under its pleas of two and four years limitation, Vernon's Ann.Civ.St. arts. 5526, 5527, appellees' rights under their defensive pleas were barred and they were not entitled to urge the same.

The record shows that the commissioners' court agreed to pay a total consideration of $8,368 for the tractor and grader, the agreed price of the tractor being $6,193 and the price of the grader being $2,175. In payment for the machinery the county delivered to the road machinery company some old road machinery owned by it of the agreed value of $1,500 and issued thirteen warrants, the first being in the sum of $868, and the balance of the series in the sum of $500 each. Appellant purchased from the machinery company warrants Nos. 4, 5 and 6, and the county paid the first four warrants, including the interest, when they became due. On March 28, 1934, the county attorney of Kent County notified appellant that the commissioners' court had ordered the county treasurer not to pay the other warrants of the series; that the tractor had failed to perform the work as represented and that he had been instructed to defend any suit that may be filed thereon.

Appellant's first contention is that appellees were estopped to urge their defenses against his suit upon the warrants because he was an innocent purchaser thereof, paid value for the same, relying upon the order entered by the commissioners' court and the recitals in the warrants, and was without any notice of the contentions of the county that the tractor was not as represented by the machinery company.

■ This is the second appeal in this case, the opinion on the former appeal being reported in Tex.Civ.App., 109 S.W. 2d 348. The first and second contentions presented in this appeal by appellant were disposed of by us upon the former appeal in which we held that neither the recitals in the order of the commissioners' court to

the effect that the company had furnished the machinery, that it had been inspected by the members of the court and accepted by them as satisfactory and worth the price agreed upon, nor the recitations in the warrants to the effect that all acts, conditions and things required to be done precedent to, and in the issuance of, the warrants had been properly done, happened and performed in regular and due time, form and manner as required by law, constituted either res adjudicata or estoppel. In view of appellant's insistence in this appeal upon these principles we will say further, however, that the law is well established in this State by a long line of decisions that warrants issued by a municipal corporation such as those here involved are not negotiable instruments in any respect except that title to them may be transferred by endorsement and delivery. City of Belton v. Harris Trust & Savings Bank, Tex. Civ.App., 273 S.W. 914; Lasater v. Lopez, 110 Tex. 179, 186, 217 S.W. 373. Such warrants impose no obligation on a municipal corporation if it was not liable for the debt evidenced by them. No act of negligence or fraudulent conduct of any agent of such municipal corporation in connection with the issuance of such warrants will bind the corporation to any liability by way of estoppel or otherwise if the corporation receives no benefit from the transaction. Nat. Surety Co. v. State Trust & Savings Co., 119 Tex. 353, 29 S.W.2d 1027; City of San Angelo v. Deutsch, 126 Tex. 532, 91 S.W.2d 308; 2nd Dillon Mun. Corp., par. 857. The law charges the holder of such warrants, whoever he may be, whether the original payee or a purchaser for value, with notice of infirmities arising by acts and conduct of the payee which discharge the legal liability of the municipal corporation issuing them regardless of whether such holder has actual knowledge thereof or not.

Appellant cites us to the case of Payne v. First Nat. Bank, Tex.Com.App., 291 S.W. 209, and other cases of like import, as authority for his contention here. In that case the city issued warrants to one Neil under a purported contract in which he agreed to construct a bridge for the city. The opinion reveals that Neil did not build the bridge nor furnish any material or labor for its construction, and it was never intended that he should do so. The city built its own bridge and the warrants were issued in order that Neil may dispose of them and deliver the proceeds to the city. The court held the warrants were illegally issued but that the city got the bridge and was estopped from denying liability on the warrants. In many other cases where it was shown that the municipal corporation received full value for warrants illegally issued the courts have held it was estopped to defend against the warrants on the ground that they were issued through illegal methods. While the courts have often loosely used the term "estoppel" as a basis for such holding, the real basis for it is that an implied contract arose under which the municipal corporation was obligated to pay the reasonable value for that which it received. City of Dublin v. Thornton & Co., Tex.Civ.App., 60 S.W.2d 302; Sluder v. City of San Antonio, Tex.Com.App., 2 S.W.2d 841; City of San Antonio v. French, 80 Tex. 575, 16 S.W. 440, 26 Am. St.Rep. 763.

We have been cited to no case, nor have we found any, in which it has been held that a municipal corporation is bound by the doctrine of estoppel or otherwise upon non-negotiable warrants when the corporation received no benefit under them or the consideration for which they were given had failed. It is an indispensable element of such estoppel as is here relied upon by appellant, if it may properly be termed such when applied to non-negotiable warrants, that benefits have been received by the corporation issuing them. If no benefits have been received therefrom or the consideration has failed, the city, county or other municipal corporation issuing them cannot be estopped to assert failure of consideration, fraud or invalidity of the warrants and is under no implied obligation to pay them. City of Del Rio v. Lowe, Tex. Civ.App., 111 S.W.2d 1208, and authorities there cited; Nacogdoches County v. Lafferty, Tex.Com.App., 61 S.W.2d 994; City of Dublin v. Thornton & Co., Tex.Civ.App., 60 S.W.2d 302.

We find no merit in the contention of appellant regarding his plea of estoppel and his assignments of error in respect thereto will be overruled.

The next contention made by appellant is that, by entering the order of September 9, 1929, the commissioners' court of Kent County adjudicated the questions presented by its answer in this case and, therefore, they now constitute res adjudicata. This contention is untenable for the reason

that the record does not show that the question of whether or not the machinery company from whom the road machinery was purchased had performed its contract was before the court at the time such order was entered, nor could it have been a subject of adjudication at that time. The machinery had just been purchased and the record shows that the incidents which proved it was not of the quality represented by the machinery company happened after the order was entered. This contention will likewise be overruled. Nacogdoches County v. Lafferty, supra.

■■ The next contention presented by appellant is that of waiver. He contends that appellees having waited for more than four years before formally repudiating the contract under which it purchased the road machinery, it waived any defenses it may have had in respect to the warrants sued upon and should not now be permitted to rely upon them. We do not find the elements of waiver in any of the transactions involved. The evidence shows that the tractor began failing in the proper performance of its work shortly after it was purchased. It broke down a number of times and the machinery company furnished parts for its repair. This covered a space of at least several months and, finally, the county ceased altogether any effort to use it. Waiver, according to common acceptation, is an intentional relinquishment of a right that is known to the person possessing it. True, it may consist of, or be evidenced by, conduct which warrants the inference of relinquishment, but it is a voluntary act nevertheless and the conduct must be such as to imply a voluntary election consciously and purposely to dispense with or forego a right. We find nothing in the record before us which indicates any such intention on the part of appellees and we cannot agree with appellant on this contention. The Praetorians v. Strickland, Tex.Com.App., 66 S.W.2d 686; Biggs & Co. v. Lokey, Tex. Civ.App., 62 S.W.2d 665; Missouri, K. & T. Ry. Co. v. Hendricks, 49 Tex.Civ.App. 314, 108 S.W. 745.

■ The final contention presented by appellant is that the defenses asserted by appellees are barred by the statute of limitations. Their defenses were, in effect, that the consideration for which the warrants sued upon were issued had failed and the warranty given by the machinery company had been breached. They contended that, by reason of facts alleged by them constituting such failure and breach, the county was not liable on the warrants. These were intrinsically and purely of a defensive nature and could operate only to negative the rights asserted by appellant to recover upon the warrants. The rule of law is that where the defensive matter interposed by a defendant constitutes an independent cause of action and does not go to the foundation of the plaintiff's claim, it cannot operate as a reduction of the demand except by way of set-off or counterclaim and the plaintiff may avoid them under a proper plea of limitation. Where the subject matter of the defense is purely defensive in its nature, however, and operates merely as a negation of the demand asserted by the plaintiff, the statute of limitations does not apply. Nelson v. San Antonio Traction Co., 107 Tex. 180, 175 S.W. 434; Mason v. Peterson, Tex.Com.App., 250 S. W. 142. The record shows without dispute that the county had delivered to the machinery company used road machinery owned by it of the agreed value of $1,500, and that it had paid the first four warrants and interest thereon amounting in the aggregate to $4,213 on the contract for the road grader and tractor for which the warrants were given. The price of the grader was $2,175 and no question was raised as to its being deficient in any respect. The jury found that the tractor was of the value of $900 when delivered to appellees. This makes a total of $3,075 which, under the record in this case, is the amount of consideration or property which Kent County received for the warrants and its old machinery. It had paid out far more than this amount and the conclusion is inescapable that it had received no benefits whatever for the balance paid by it nor for the amounts represented by the two warrants sued upon by appellant. The case is governed, therefore, by the law as announced in the authorities which we have cited in support of our conclusions.

What we have said demonstrates, we think, that the appellee, Kent County, was not bound upon the warrants sued upon and no error was committed by the court in respect to the matters complained of in the assignments of error presented by appellant. The judgment of the court below will be affirmed.