WILLIAM B. SHERMAN and others *v.* JOSEPH A. CARR, City
Treasurer.

Tax payers in a municipal corporation may file a bill in equity to enjoin its
officers from expending money without authority of law. Such corporation
may indemnify an executive officer for the expenses of a judgment rendered
against him for acts committed in good faith in the discharge of his official
duty.

BILL IN EQUITY, brought by certain tax payers in the city
of Newport against the treasurer of said city and the mayor of
said city, to enjoin the payment by the treasurer to the mayor
of monies appropriated by the city council of said city to de-
fray the expenses of a suit against the mayor. The facts in
regard to the suit were agreed upon as follows:—

The action of trespass brought by Mary A. Burnham against William H. Cranston and Thomas Spencer, in said bill of complaint mentioned, was defended on the ground that Cranston had committed all the acts therein complained of, as mayor of Newport, in virtue of the powers conferred on him in that capacity by an act passed at the May session of the General Assembly, 1857, entitled, "An act conferring certain powers upon the Mayor of the city of Newport," in compliance with all and singular the terms of that act; and that Spencer acted in the premises as a constable of Newport, his aid having been required by Cranston as provided in said act.

In the several trials of the case a great deal of evidence was produced on each side. At the first trial the jury disagreed. The second trial resulted in a verdict for plaintiff for one thousand dollars. The defendants then moved for a new trial, and obtained it; and in that trial verdict was rendered for the plaintiff for twenty-five hundred dollars. The defendant again moved for a new trial, on the ground, among others, of excessive damages; and the court decided to grant the motion, unless the plaintiff would abate fifteen hundred dollars of her verdict. This abatement was made, and Cranston afterward paid the judgment in full, out of his own money.

*Wm. Sisson, for complainants.*

*Chas. C. Van Zandt, for W. H. Cranston.*

The case was fully argued by counsel, and the following authorities were cited by Francis B. Peckham, Jr., city solicitor: *Nelson* v. *Milford,* 7 Pick. 18; *Bancroft et al.* v. *Lynnfield,* 18 Pick 566; *Babbitt et al.* v. *Savoy,* 3 Cush. 530; *Briggs* v. *Whipple,* 6 Vermont, 95; *Hadsell et al.* v. *Hancock,* 3 Gray, 526; *Fuller et al.* v. *Gorton,* 11 Gray, 340.

The opinion was given by BRADLEY, C. J. This is an application for an injunction brought by the complainants tax-payers in the city of Newport, against the city treasurer of said city and the late mayor of said city. It asks that the city treasurer be restrained from paying to the late mayor a certain sum of money, appropriated by the city council of said city to reimburse the said mayor the amount of a judgment against him,

rendered in the Circuit Court of the United States for this district. The officers of our municipal corporations have authority to exercise only those powers conferred upon them by their acts of incorporation, and it is the duty of this court, upon proper application, to restrain them from the exercise of any other powers than those thus authorized. Within the scope of that authority they can act upon their own discretion, amenable only to those who entrust them with those powers. Over that discretion this court has no control ; so that the inquiry in this and similar cases is merely whether the act complained of is within or beyond the scope of the authority conferred upon the city council by the charter of said city. By the agreed statement of facts, it appears that the late mayor was sued upon a charge of false imprisonment brought by Mary A. Burnham. It further appears by said statement, that the suit was defended upon the ground that the defendant committed the acts complained of in his capacity as mayor of Newport, and by virtue of an act of the General Assembly, passed at the May session, 1857, entitled "An act conferring certain powers upon the Mayor of the city of Newport." It further appears that at the first trial of said suit the jury disagreed. At the second trial a verdict was rendered for one thousand dollars, which was set aside by the court. At the third trial a verdict was rendered for twenty-five hundred dollars, and the court decided to set aside that verdict also, unless the plaintiff would abate fifteen hundred dollars from the amount of the damages. From these facts, we are bound to presume that the mayor acted in good faith, that being always the legal presumption, and the contrary thereof not being even averred in the bill. We are also bound to presume from these verdicts, that he must, in some particulars not known to this court, have exceeded his powers, for we ought not to presume the jury in that court, any more than in our own, would disregard the legal instructions of the court; and such excess of authority, though exercised in good faith, would be a sufficient basis for a verdict; and we certainly cannot presume from the statement of facts, that there was anything more in the case than what was actually necessary to sus-

tain the verdict. The question, therefore, presented is, whether it is in the power of the city council to indemnify one of the officers of said city, who, performing the duties of his office in good faith, has exceeded the powers of that office and thereby incurred damages at law? The terms of the city charter forbid the council, after the enumeration of certain prohibitions having no direct resemblance to the matter in hand, to "do or transact any matter except such as belong to the legitimate duties of a municipal body within its own province," "or to vote money for any object except for the regular, ordinary, and usual expenses of the city." Is it then a legitimate duty? is it then one of the usual and ordinary expenses of a city to protect its officers who, while exercising in good faith the functions of their office, have been found by the verdict of a jury to have exceeded the lawful powers of that office, and to have trespassed on the rights of a citizen? If the power to indemnify an officer under these circumstances does not rest in that body who apappropriate the money for all the legitimate duties of a municipality within its own province, the various executive officers of a city perform their duties at the peril of an individual responsibility for all their mistakes of law and of fact, however honest and intelligent they may be, and also at the peril of the possible mistakes of a jury naturally jealous of the rights of the citizen, when brought in conflict with the exercise of official power. If the officer is thus responsible, he will naturally be too cautious, if not timid, in the exercise of his powers,—powers which must be frequently exercised for the protection of society before and not after a thorough investigation of the case in which he is called upon to act. On the other hand, it may be urged, if the officer has the right to fall back upon the treasury of the city, there is danger that he will become reckless and overbearing in the exercise of the powers of his office. It would seem, therefore, to be the wisest to leave the indemnification of the officer to the discretion of those who represent the interests of the city, that, on the one hand, they should not be without the power to indemnify a meritorious officer, acting in good faith, for the consequences of his conduct, and on the other hand,

they should not be obliged to protect every officer, though acting in good faith, under circumstances which seem to them to indicate a blamable want of care and caution. Under such a state of the law, every executive officer of the corporation would feel that he was acting as the servant and agent of that corporation, relying upon their good faith and good judgment toward him, so long as he acted in good faith and good judgment in the discharge of his duties.

This distribution of power, which would be practically the wisest in the administration of municipal affairs, is the one which we understand to be in accordance with the existing law and long continued practice in this State. It is one which many decisions in a neighboring State, whose system of statute law and judicial decisions is most like our own, show to have been frequently upheld in the courts of that State. We are not furnished with any authorities which tend to establish a contrary doctrine. We know of no case in which, while the officer continues to act in behalf of the community, and not in his own behalf, it is held that the community cannot indemnify him. We therefore find that the appropriation of money in this case by the city council of Newport was within their authorized powers. And it is not for us to inquire as to the wisdom or discretion with which those powers were exercised. We must therefore deny the injunction.