**CITY OF RAYMONDVILLE et al. v. McCANN et al.**

No. 8920.

Court of Civil Appeals of Texas. San Antonio.

Nov. 9, 1932.

Rehearing Denied Dec. 14, 1932.

R. F. Robinson, of Raymondville, for appellants.

Hicks, Dickson, Bobbitt & Lange, of San Antonio, and A. B. Crane, Jesse G. Foster, and S. L. Gill, all of Raymondville, for appellees.

FLY, C. J.

This suit was instituted by J. D. McCann and Y. E. Worley against the city of Raymondville, its mayor and commissioners, to restrain appellants from entering into a contract with the Fairbanks-Morse Company, a certain electric light and power system. A permanent injunction was granted restraining appellants from negotiating with or entering into the proposed contract with Fairbanks-Morse & Co. The following agreement was made and entered into by the parties:

"That on or about November 5th, 1931, the defendants individually and in their official capacity as officers of said City of Raymondville, entered into negotiations with Fairbanks-Morse and Company, a corporation engaged in the selling, among other things, of electric light plants. The negotiations being in respect to the proposal of entering into a contract whereby the City would bind itself in such contract with said Fairbanks-Morse and Company to authorize said Fairbanks-Morse and Company to erect, construct, install and equip a certain electric light and power system within said City of Raymondville, at a sum in the amount of $122,650.00 * * *.

"That thereafter, on November 26th, December 3rd, and December 10th, 1931, said City Clerk E. M. Tomme, placed an advertisement for bids in the newspapers, to-wit: The Willacy County News and the Willacy County Chronicle, both located in Raymondville * * *.

"It is further agreed that the City of Raymondville has outstanding refunding bonds in the sum of $67,000.00, which were issued for the purchase and extension of the present waterworks system, and there is no specific lien or incumbrance against said waterworks system other than the tax lien against all property in said city."

The $122,650 was to be paid to appellees out of the net revenue of the city and to be evidenced by coupon bonds, secured by a lien on the plant and annual income, as well as $15,000 out of the net revenues of the City Water Works System, which was to be paid in seventy-two monthly payments. No lien was to be given on the waterworks or its revenues, except the $15,000 provided for. The court followed the agreement in his findings of fact in the judgment.

The provisions of law found in article 1113, Revised Statutes, provide that no funds arising from the operating of any utility plant shall be used by a city until provision is made for the full payment of debts due thereon, and, of course, there could be no appropriation of the funds of the waterworks system until provision is made for the payment of the debts against that plant. The facts in this case show that provision was made for the annual retention of the required sinking fund and interest on the amount due on the water system, and that no attempt was made to use any part of the revenues for any purpose until provision was made for payment of the outstanding indebtedness. If that provision was made, all the revenues of the waterworks system could be utilized by the city as it might deem right and proper. We cannot conceive that the evidence shows any desire to impair the power of the waterworks to pay the debt against it. The $15,000 was to be paid out of the "net revenues"; that is, the revenue remaining after providing for the sinking fund, interest, and current expenses of the plant. When that is done, the law has been complied with as embodied in articles 1111, 1112, and 1113.

In 1931 (c. 314) the Legislature enacted a law now designated as article 1118a, and it is the contention of appellees that the last-named article supersedes and takes the place of articles 1111 to 1117, and in effect repeals them. There are no words of repeal in the statute of 1931, and we do not think there is such inconsistency between them as to demand any intention to destroy the former laws.

It is provided in article 1118a that no system shall be incumbered for more than $5,000, and this is pressed as a reason for restraining the execution of the contract. Under the terms of the law a contract for more than the sum named might be illegal if an incumbrance on the waterworks, but it could in no way have injured appellees, and they had an adequate remedy at law to have prevented any attempt to collect the extra $10,000 contemplated to be paid, if it was an incumbrance on the waterworks, which may be strongly doubted. The city owned the waterworks, and after providing for sinking fund, expenses, and interest, the funds belonged to the city and could be expended by it in the manner and for the purposes deemed appropriate by the city.

The facts did not justify the issuance of the injunction, and appellees have a full and adequate remedy for any imaginary wrongs that may result from the contract. The contract will not violate any law and will not injure appellees. No taxation is intended, and the whole transaction is confined to the revenues of the system.

The judgment is reversed, and the cause remanded.