**McCANN et al. v. AKARD et al.**

No. 1760—1514—6452.

Commission of Appeals of Texas, Sections A and B.

March 14, 1934.

Jesse G. Foster, A. B. Crane, and S. L. Gill, all of Raymondville, and Hicks, Dickson, Bobbitt & Lange, of Laredo, for plaintiffs in error.

R. F. Robinson, of Raymondville, for defendants in error.

R. R. Lewis, City Atty., and Geo. D. Neal, both of Houston, amici curiæ.

CRITZ, Judge.

This suit was instituted in the district court of Willacy county, Tex., by J. D. McCann et al., as resident property taxpayers of the city of Raymondville, located in said county, a municipal corporation, organized under the general laws of this state, and operating under the commission form of government, against such city and its governing body to enjoin them from entering into a certain contract with Fairbanks-Morse & Co., a private corporation, whereby such company seeks to sell, and the city seeks to purchase from such company, an electric light and power system for the city to cost $122,650. The proposed contract provides that the above sum will be paid by the city out of the net revenues of the electric light and power system and the city's waterworks system. The debt thus created can never be a claim against the tax funds of the city. Such debt will be evidenced by coupon bonds in favor of the company secured by a mortgage and deed of trust lien on the entire electric light and power system, and all properties in connection therewith, including the net revenues thereof. Also the bonds will be further secured by the net revenues of the city's waterworks system to the extent of $15,000. The city already owns its waterworks system, and there is no lien against it. The waterworks lien does not cover the physical properties of the waterworks plant, but only the revenues thereof. Trial in the district court resulted in a judgment for McCann et al. awarding the injunction as prayed for. This judgment was reversed and the cause remanded to the district court by the Court of Civil Appeals. 54 S.W.(2d) 1049. McCann et al. bring error.

As we understand this record, the city owns and operates its own waterworks system. It is proposed by this contract to create a deed of trust lien on the net income of such system for $15,000. This lien is not for purchase money of such system, or to refund any existing indebtedness thereon, or for repair or reconstruction thereof. The proposition to create the lien on the waterworks system has never been authorized by a majority vote of the qualified voters of the city. Such a lien is prohibited by our statutes. Article 1112, Vernon's Ann. Civ. St.; City of Dayton v. James V. Allred, Attorney General (Tex. Com. App.) 68 S.W.(2d) 172, not yet published [in State report].

At this point we deem it proper to say that this proposed contract, on its face, mentions "article 1111 et seq. Civil Statutes, of this State," as its authority. No mention is made of Acts 1931, 42d Leg. p. 783, c. 314, as amended by Acts 1933, 43d Leg. p. 106, c. 53 (article 1118a, § 2a, Vernon's Ann. Civ. St). However, should such statute be invoked, it could not aid this contract. In this connection it will be noted that section 2 (Vernon's Ann. Civ. St. art. 1118a, § 2) thereof expressly provides: "No such system or systems shall ever be sold until such sale is authorized by a majority vote of the qualified voters of such city; nor shall same be encumbered for more than Five Thousand ($5,000.00) Dollars except for purchase money or to refund any existing indebtedness or for repair or reconstruction, unless authorized in like manner."

In connection with the above, we do not want to be understood as holding that Raymondville comes within the class of cities included in article 1118a, supra. We simply hold that cities who do come within such article cannot incumber the utilities mentioned therein for more than $5,000, except for purchase money, or to refund any existing indebtedness, or for repair or reconstruction, unless such incumbrance is authorized by a majority vote of the qualified voters of such city. City of Dayton v. Allred, supra.

There are many other assignments of error involved in this appeal. The one we have discussed makes it unnecessary for us to directly pass on the others. Furthermore, most of the other assignments have been disposed of in the opinion in City of Dayton v. Allred, supra.

We recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the district court be affirmed.

CURETON, Chief Justice.

The judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.