

# THE ATTORNEY GENERAL
# OF TEXAS

July 15, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Rex N. Leach
District Attorney
Limestone County Courthouse
200 West State Street
Groesbeck, Texas 76642

Opinion No. JM-755

Re: Authority of a county to provide legal counsel for a sheriff in certain legal proceedings

Dear Mr. Leach:

You ask about the duty of a county to pay for a private attorney representing a sheriff in certain legal proceedings. You state the facts which prompt your request as follows:

> The district judge issued a subpoena to the sheriff for certain documents related to a Court of Inquiry called by the court. Some questions developed as to whether the proper procedure had been followed by the district judge in issuing the subpoena. The district judge then found the sheriff in contempt for failing to comply with the subpoena and issued a writ of attachment for the sheriff ordering him jailed. The Court of Appeals then granted a writ of habeas corpus. The district judge then issued a new subpoena for the same documents which was finally complied with by the sheriff.

You relate, without providing details, that the Court of Inquiry concerned "an incident at, and the operation of, the county jail." You note that "[d]uring the scenario, the sheriff was represented by outside legal counsel."

A sheriff is an officer of the county. Tex. Const. art. V, §23; cf. Tex. Const. art. V, §24; Attorney General Opinion M-726 (1970). We have on several occasions considered whether a public body, such as a county, may provide for legal counsel to defend public officers and employees subjected to litigation in the course of their public duties. A general rule can be distilled from our diverse opinions:

> Where a Texas governing body believes in good faith that the public interest is at stake, even

> though an officer is sued individually, it is permissible for the body to employ attorneys to defend the action. . . . The propriety of such a step is not made dependent upon the outcome of the litigation, but upon the bona fides of the governing body's motive.

Attorney General Opinion Nos. MW-252 (1980); H-70 (1973); see also Attorney General Opinion Nos. H-887 (1976); H-544 (1975); M-726 (1970); Attorney General Letter Advisory No. 24 (1973), and the many cases cited in those opinions. See also City of Corsicana v. Babb, 290 S.W. 736 judgm't adopted (Tex. Comm'n App. 1927); see generally Annot. 130 A.L.R. 736 (1941).

The authority of the county to employ attorneys to defend county officers and employees is limited to situations where the legitimate interests of the county -- and not just the personal interests of the officers or employees -- require the assertion of a vigorous legal defense on behalf of the county. Attorney General Opinion H-887 (1976). The county may not use public funds when the principal interest to be defended is a purely private one. Attorney General Opinion M-726 (1970); cf. City of Del Rio v. Lowe, 111 S.W.2d 1208, 1219 (Tex. Civ. App. - San Antonio 1937), rev'd on other grounds, 122 S.W.2d 191 (Tex. 1938); State v. Averill, 110 S.W.2d 1173 (Tex. Civ. App. - San Antonio 1937, writ ref'd).

Thus, the question of the lawfulness of expending public funds for an attorney to defend the interests of a county in a suit brought against a public official will always be a question of fact. The question to be decided is whether or not the suit really is one that concerns the interests of the county, or whether the benefits provided by public funds accrue only to the personal interest of the public official or employee represented at taxpayers' expense. We do not make determinations of fact in the process of issuing an opinion; that responsibility in this kind of question must rest with the seasoned judgment of the county commissioners who must vote whether to expend public funds in a particular case. The nature of the proceedings must, of course, be considered carefully in determining the existence of a county's legitimate interest.

This does not mean that the county officer must have been right, or that the suit must be defeated. The county only need determine that the public servant of the county acted in good faith within the scope of an official duty. City National Bank of Austin v. Presidio County, 26 S.W. 775 (Tex. Civ. App. 1894); Attorney General Opinion M-726 (1970).

You suggest that article 332c, V.T.C.S., requires the county to pay for private counsel for the sheriff. Article 332c provides:

> Sec. 1. In this Act, 'nonpolitical entity' means any person, firm, corporation, association, or other private entity, and does not include the state, a political subdivision of the state, a city, a special district, or other public entity.
>
> Sec. 2. In any suit instituted by a non-political entity against an official or employee of a county, the district attorney of the district in which the county is situated or the county attorney, or both, shall, subject to the provisions contained in Section 3, represent the official or employee of the county if the suit involves any act of the official or employee while in the performance of public duties.
>
> Sec. 3. If additional counsel is necessary or proper for an official or employee provided legal counsel by Section 2 of this Act or if it reasonably appears that the act complained of may form the basis for the filing of a criminal charge against the official or employee, the county commissioners court shall employ and pay private counsel.
>
> Sec. 4. Nothing in this Act requires a county official or employee to accept the legal counsel provided for him in this Act.

This statute, adopted by the legislature in 1973, is declaratory of at least a part of the common-law rule referred to above.[1] See generally Attorney General Letter Advisory No. 24 (1973). We do not understand the statute to repeal or supplant the common-law rule. At the least, it strengthens the rule by requiring a county to defend a public servant in a certain class of cases. As such, it can be construed to harmonize with the existing common-law rule, Freels v. Walker, 26 S.W.2d 627, opinion adopted (Tex. Comm'n App. 1930), even though the statute does not occupy the whole of the ground embraced by the common-law rule. The statute does not -- and cannot -- repeal the implied condition that a legitimate interest of the county must be involved. Attorney General Letter Advisory No. 24 (1973).

----

1. Section 2 of article 332c requires the county or district attorney, or both to defend the public servant, except in certain cases specified in section three of the statute. Prior to the adoption of article 332c, county and district attorneys had no such duty.

Article 332c simply does not apply to the facts presented in your request.   The imbroglio in which the sheriff became entangled was rooted in the proceedings of a court of inquiry called by a district court judge pursuant to article 51.02 of the Code of Criminal Procedure.   Assuming, solely for the sake of argument, that the proceedings of a court of inquiry constitute a "suit" within the meaning of that term as employed in article 332c, it is clear that such a "suit" is not within the purview of article 332c.   By its plain terms, the article applies only to suits instituted by non-political entities.   A district court manifestly is a political entity, for the court is an agency of the sovereign, the ultimate political entity. Isbill v. Stovall, 92 S.W.2d 1067 (Tex. Civ. App. - Eastland 1936, no writ).   A district court judge discharging the duties lawfully assigned to court is acting for the "political entity."   See Ex parte Lowery, 518 S.W.2d 897 (Tex. Civ. App. - Beaumont 1975, no writ).

You suggest that article 332c nevertheless applies because of certain language in section 3 of the statute.   There, the county is commanded to provide private counsel to an officer or employee "if it reasonably appears that the act complained of may form the basis for the filing of a criminal charge against the official or employee. . . ."   You note that in the situation at hand the sheriff was the subject of a writ of attachment and thus was threatened with imprisonment for a contempt of the court of inquiry.   You ponder whether the contempt citation and consequent writ of attachment constituted a criminal charge.   You also suggest that the court of inquiry constituted a criminal investigation of the sheriff.

We need not decide these points because the clear language of the statute places this entire episode outside of the ambit of the legislature's command that counties furnish legal counsel to public servants in certain instances.   All of the parts of article 332c must be read together, and the whole of the statute must be harmonized with the paramount purpose of the law.   See 53 Tex. Jur. 2d §160 (1964) and cases cited thereunder.

Applying this canon to article 332c, it is simply impossible to read the phrase in section 3 -- "if it reasonably appears that the act complained of may form the basis for the filing of a criminal charge" -- to refer to "acts" other than those specified in a suit instituted by a non-political entity, as referenced in section 2 of the statute. To read the language in section 2 to create an independent basis of authority to furnish legal assistance at public expense would be contrary to both the purpose and tenor of the statute.

Article 332c, like the common-law rule it codifies in part, belongs to that narrow class of the laws which permits public funds to be spent for the indirect private benefit of certain persons because an important public interest predominates.   See Tex. Const. art. III, §§51, 52.   The evident policy of article 332c, like the common-law

rule which we discussed above, is to provide a modicum of repose for the public servants of the county in the case of suits brought by private parties.  The suits must concern events occurring during the course of the public servant's performance of public duties within the scope of the authority of the public office or position.  Attorney General Letter Advisory No. 24 (1973).  We suppose that it is not unknown for such suits, on some occasions, merely to be vexatious, and perhaps even wholly mischievious.  The suits are initiated by persons whose judgment and motive are sometimes unfathomable.  The purely private decision to sue a public servant is not subject to the checks-and-balances so much a part of the nature and functioning of a political entity in its day-to-day operations.  Public servants subject to suits by private parties for official acts are apt to be distracted from their duties by the litigation, and concommitant worries about meeting the costs of a legal defense.  Fear of boundless litigation, especially if it proves to be frivolous after a lengthy and expensive process, may make public servants timid in the discharge of their duties.  Article 332c obviously re-enforces the common-law rule to deal with these problems, to the extent specified by the legislature and permitted by the constitution.

Accordingly, all of this statute must be read in light of its principal, if limited, purpose.

## S U M M A R Y

A county may expend public funds for the employment of private attorneys to represent county officials and employees who have been sued in their official and individual capacities if the suit involves an action of the official or employee within the scope of the official's or employee's authority in the performance of public duties, and if the county commissioners believe in good faith that the public interest is at stake. Whether or not expending public funds to defend the county official or employee is proper is always a matter of fact.  Article 332c, V.T.C.S., which is merely declaratory of a part of the common law, and which provides that in suits initiated by non-political entities county officials and employees are due legal representation at public expense does not apply to any of the incidents of a legal proceeding instituted by a political entity, including a district court judge conducting a court of inquiry pursuant to article 52.01 of the Court of Criminal Procedure.

Very truly yours

JIM   MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Don Bustion
Assistant Attorney General