Honorable Carl A. Parker Chairman Education Committee Texas State Senate P.O. Box 12068 Austin, Texas 78711
Re: Authority of a school district to expend funds to defend a trustee in an action alleging an intentional tort (RQ-1542)
Dear Senator Parker:
You ask our opinion on the following question:
 May an independent school district lawfully expend funds for attorney's fees for defense of a trustee in a civil suit alleging an intentional tort against the trustee?
You furnish the following statement of facts in support of your question:
 Circumstances exist in the Huffman I.S.D. whereby a trustee became embroiled in a difference of opinion with a teacher. The teacher has alleged sexual harassment and in retaliation of the complaints one trustee has voted against renewal of her contract. Two lawsuits have been filed, one against the school district alleging various civil rights violations, and a private lawsuit by the former teacher against a trustee alleging an intentional tort taking place in the parking lot of the school district following a school board meeting.
Apparently, the school board of trustees has undertaken to provide legal counsel for the trustee in defense of the civil suit alleging the intentional tort. The trustee has signed a letter of agreement agreeing to reimburse the district in the event it is determined that payments for attorney's fees in his behalf are not proper.
An independent school district may retain and pay attorneys to protect its interests in a lawsuit, even though the suit is brought against an individual officer or employee of the district. Educ. Code § 23.26; Attorney General Opinion JM-685
(1987); Attorney General Opinion H-70 (1973); see Stewart v. Newton Independent School District, 134 S.W.2d 429
(Tex.Civ.App.-Beaumont 1939, no writ); Harding v. Raymondville Independent School District, 51 S.W.2d 826 (Tex.Civ.App.-San Antonio 1932, writ dism'd); Arrington v. Jones, 191 S.W. 361
(Tex.Civ.App.-Texarkana 1917, no writ).
The authority of the district to employ attorneys is limited to those situations where the legitimate interests of the district, and not merely the personal interests of the officer, require the assertion of a vigorous legal defense on behalf of the public interest. Attorney General Opinions JM-824, JM-685 (1987); H-70 (1973); see Tex. Const. art. III, §§ 50, 51, 52; State v. Averill, 110 S.W.2d 1173 (Tex.Civ.App.-San Antonio 1937, writ ref'd); Graves Houtchens v. Diamond Hill Independent School District, 243 S.W. 638 (Tex.Civ.App.-Fort Worth 1922, no writ). See also City of Corsicana v. Babb, 290 S.W. 736 (Tex.Comm'n App. 1927, judgment adopted); City of Del Rio v. Lowe, 111 S.W.2d 1208
(Tex.Civ.App.-San Antonio 1937), rev'd on other grounds,122 S.W.2d 191 (Tex. 1938); City National Bank of Austin v. Presidio County, 26 S.W. 775 (Tex.Civ.App. 1894, no writ); Attorney General Opinions MW-252, MW-157 (1980); H-887 (1976); H-544 (1975); WW-1464 (1962); Letter Advisory No. 24 (1973).
Thus, the question of the lawfulness of expending public funds to protect the public interest in a suit brought against the officer of a school district will always be a question of fact. Attorney General Opinion JM-824 (1987). The question which the trustees of the district must decide is whether or not the suit really involves the interests of the school district or whether the expenditure of taxpayer funds will accrue solely to the personal benefit of the officer. This office does not make determinations of fact in the process of issuing legal opinions; that responsibility in this kind of question must rest with the judgment of a majority of the disinterested members of the school board. Id.
We emphasize that in making such a decision, the trustees do not have to conclude absolutely in advance that the officer sued is blameless, or that the suit ultimately will be defeated. Id. The trustees need only use their best judgment to determine based on the information before them that the actions of the officer were undertaken in good faith within the scope of an official duty. Id. See also Attorney General Opinion M-726 (1970). Even when a lawsuit contains allegations that seem to place the actions of the officer outside the scope of official duties, a defense at public expense may still be proper. Such an issue can only be decided at the trial of the case; standing alone, an allegation does not prevent the school board from providing for the defense of an officer. Attorney General Opinion JM-824 (1987); See, e.g., City of Del Rio, supra; see also Attorney General Opinions JM-755
(1987); H-887 (1976); H-544 (1975).
Your request letter indicates that you are concerned particularly about the application of these general principles to a situation involving the defense with public funds of an officer alleged to have committed an intentional tort. The general principles discussed above have been applied by the courts to permit the defense of a public officer or employee at taxpayer expense in criminal prosecutions. City of Corsicana v. Babb, supra; see generally Annot., 130 A.L.R. 736 (1941).
 SUMMARY
A school district may expend public funds for the defense of a school trustee in a private lawsuit alleging an intentional tort if a majority of the disinterested members of the school board make a good faith determination that a defense of the action is in the public interest. A school district may not expend public funds to represent the purely personal interests of an individual trustee.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by D.R. Bustion, II Assistant Attorney General